Evelyn B. Goldman, complainant-respondent,

*v.*

Solomon Goldman, defendant-appellant.

[Submitted October term, 1947.   Decided January 29th, 1948.]

*Messrs. Stein, Stein & Hughes (Mr. Richard V. Stein,* of counsel), for the defendant-appellant.

*Mr. Harry Katz (Mr. Dougal Herr,* of counsel), for the complainant-respondent.

Per Curiam.

This is an appeal from an *ad interim* order of the Chancellor dated March 3d, 1947, for the support and maintenance of the wife and infant children of the marriage pending the wife's suit for separate maintenance under *R. S. 2:50–39.* The bill of complaint was filed November, 1946.   The abandonment is alleged to have occurred September 5th, 1946. The matter was submitted to the advisory master on affidavits and orally argued, and after consideration thereof, he reached the conclusion that the wife had made out a *prima facie* case

and advised the order appealed from, which directed the husband to pay the wife the sum of $80 per week from December 10th, 1946, until the further order of the court, for the support of the wife and children, this amount to cover the food, clothing, medical and dental expenses; and also ordered the husband to provide light, gas, all heating, water, telephone and like utilities as well as to pay the fixed carrying charges of the home presently occupied by the parties; and further to pay to the wife's solicitor a counsel fee of $2,000 with costs of the application to be taxed.

In his petition of appeal the husband appeals from the whole of said order. The grounds of appeal are two-fold: (1) that the evidence did not justify the court in awarding any sum of money whatsoever as and for alimony and support, but that the court should have entered a decree dismissing the bill because there was no abandonment nor refusal to support on the part of the husband; and (2) the sums awarded for alimony, maintenance and counsel fees were grossly excessive in view of the evidence before the court and the husband's financial ability.

As to the grounds of appeal, we think that the court did not err in refusing at this state of the proceedings to dismiss the bill of complaint, nor was it error for the court to award to the wife and children alimony and support *pendente lite,* and to her attorney a preliminary counsel fee provided, however, the amounts were fair and proper.

We have carefully examined the voluminous and conflicting affidavits and have reached the conclusion that the truth as to the allegations of the bill of complaint and the husband's earnings and the wife's and children's needs can be satisfactorily ascertained only at the final hearing of the main case when oral and documentary evidence may be presented. We are convinced, however, that the amounts allowed are excessive and the order appealed from should be modified to require the husband to pay to his wife the sum of $70 instead of $80 per week at the beginning of each week from the 10th day of December, 1946, for her support and maintenance, and that of the children in her custody, this amount to cover the food and other things provided in said order; and that the

husband shall also furnish the light, gas and other utilities specified as well as pay the fixed carrying charges of the home presently occupied by the parties.

Furthermore, we think that the sum of $2,000 counsel fee, which the court directed the husband to pay to the wife's solicitor, is excessive, and the order should be modified to require him to pay a preliminary counsel fee of $250 with costs.

The order appealed from will be modified accordingly.

*For modification*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, WELLS, DILL, FREUND, MCLEAN, SCHETTINO, JJ. 13.